UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION

CASE NO: 02-21448
MAGISTRATE JUDGE:

JANICA SNYDER and JAMES TREJO, on
behalf of themselves and all others similarly
situated,

    Plaintiffs,

vs.

BACIO OF SOUTH BEACH, INC., a Florida
Corporation; MICHAEL T. COOPER, an
individual resident of the State of Florida;
STEVEN POLISAR, an individual resident of
the State of Florida; and THOMAS
BILLANTE, an individual resident of the State
of Florida,

    Defendants.
_____/

## COMPLAINT

1. Plaintiffs, JANICA SNYDER and JAMES TREJO, (hereinafter referred to as "Plaintiffs"), are former employees of Defendants, BACIO OF SOUTH BEACH, INC., MICHAEL T. COOPER, STEVEN POLISAR, and THOMAS BILLANTE and bring this action on behalf of themselves and other employees and former employees of Defendants similarly situated to them, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). One or more of the Plaintiffs is a citizen and resident of Dade County, Florida and within the jurisdiction of this Honorable Court.



2. Defendant, BACIO OF SOUTH BEACH, INC. (BACIO) is a Florida Corporation that owns and operates a business with a business location in Dade County, Florida and within the jurisdiction of this Honorable Court.

3. Defendant, MICHAEL T. COOPER (COOPER) is an individual resident of the State of Florida who manages and operates Defendant BACIO OF SOUTH BEACH, INC. and who has and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees and control the finances and operations of Defendant BACIO OF SOUTH BEACH, INC., and who is either individually or jointly responsible for the overtime and minimum wage violations complained of herein. By virtue of such control and authority COOPER is an employer as such term is defined by the Act 29 U.S.C. § 201 et seq.

4. Defendant, STEVEN POLISAR (POLISAR) is an individual resident of the State of Florida who manages and operates Defendant BACIO OF SOUTH BEACH, INC. and who has and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees and control the finances and operations of Defendant BACIO OF SOUTH BEACH, INC., and who is either individually or jointly responsible for the overtime and minimum wage violations complained of herein. By virtue of such control and authority POLISAR is an employer as such term is defined by the Act 29 U.S.C. § 201 et seq.

5. Defendant, THOMAS BILLANTE (BILLANTE) is an individual resident of the State of Florida who manages and operates Defendant BACIO OF SOUTH BEACH, INC. and who has and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees and control the finances and operations of Defendant BACIO OF SOUTH BEACH, INC., and who is either individually or jointly responsible for the overtime and minimum wage violations complained of herein. By virtue of such control and authority BILLANTE is an employer as such term is defined by the Act 29 U.S.C. § 201 et seq.

6. This action is brought to recover from Defendants unpaid minimum wage and unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, and at all times pertinent to this Complaint were, engaged in interstate commerce. At all times pertinent to this Complaint, Defendants BACIO, COOPER, POLISAR and BILLANTE regularly owned and operated a business and utilized goods which moved in interstate commerce. Based upon information and belief the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

8. By reason of the foregoing, Defendants were during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

9. The additional persons who may become Plaintiffs in this action are hourly paid Servers of Defendants who are and who were subject to the payroll practices and procedures described in Paragraphs 12 and 13 below and who were not paid the minimum wage for all hours worked and were not paid time and one-half of their regular rate of pay for all overtime hours worked beginning on or after May 11, 1999.

10. At all times pertinent to this Complaint Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision was made by the Defendants to properly pay Plaintiffs for those hours.

11. From February 9, 2002 through April 6, 2002 Plaintiffs JANICA SNYDER and JAMES TREJO were employed by Defendants. By reason of such employment, Plaintiffs were employed during such periods by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs themselves were engaged in commerce. The work performed by Plaintiffs was directly essential to the Restaurant business of Defendant BACIO OF SOUTH BEACH, INC. in interstate commerce, which was directly essential to the business performed by Defendants.

12. Plaintiffs' employment with Defendants provided for compensation on an hourly basis. Plaintiffs were not paid the minimum wage for all hours worked and were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) during a work week.

13.     In the course of employment with Defendants, Plaintiffs and all other similarly situated employees worked the number of hours required of them but were not paid the minimum wage for all hours worked and were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) during a work week. Plaintiffs and those similarly situated to them worked in excess of forty (40) hours per work week during one or more work weeks and were not paid the minimum wage for all hours worked.

14.     The records, if any, concerning the number of hours actually worked by Plaintiffs and all other similarly situated employees and the compensation actually paid to such employees are in the possession, custody and control of Defendants.

## COUNT I
## RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION
## BACIO OF SOUTH BEACH, INC.

Plaintiffs readopts and realleges all allegations contained in Paragraphs 1 through 14 above.

15.     Plaintiffs are entitled to be paid minimum wage for all hours worked and time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed the minimum wage for all hours worked by them and their overtime rate for each overtime hour they worked and were not properly paid.

16.     By reason of the said intentional, willful and unlawful acts of Defendant BACIO, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurring costs and reasonable attorney's fees.

17.     As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 15 above.

18.     Plaintiffs demand trial by jury.

**WHEREFORE,** for work weeks beginning on or after May 11, 1999 Plaintiffs and those similarly situated to them who have or will opt into this action, demand judgment against Defendant BACIO for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

### COUNT II
### RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION
### MICHAEL T. COOPER

Plaintiffs readopts and realleges all allegations contained in Paragraphs 1 through 14 above.

19.     Plaintiffs are entitled to be paid minimum wage for all hours worked and time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed the minimum wage for all hours worked by them and their overtime rate for each overtime hour they worked and were not properly paid.

20.     By reason of the said intentional, willful and unlawful acts of Defendant COOPER, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurring costs and reasonable attorney's fees.

21. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 19 above.

22. Defendant COOPER is responsible for all minimum wage violations and is responsible for all overtime violations of Defendants BACIO OF SOUTH BEACH, INC. by virtue of being an employer as such term is defined by the Act.

23. Plaintiffs demand trial by jury.

**WHEREFORE,** for work weeks beginning on or after May 11, 1999 Plaintiffs and those similarly situated to them who have or will opt into this action, demand judgment against Defendant COOPER for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

### COUNT III
### RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION
### STEVEN POLISAR

Plaintiffs readopts and realleges all allegations contained in Paragraphs 1 through 14 above.

24. Plaintiffs are entitled to be paid minimum wage for all hours worked and time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed the minimum wage for all hours worked by them and their overtime rate for each overtime hour they worked and were not properly paid.

25. By reason of the said intentional, willful and unlawful acts of Defendant POLISAR, all Plaintiffs (Plaintiffs and those similarly situated to them ) have suffered damages plus incurring costs and reasonable attorney's fees.

26. As a result of Defendant 's willful violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 24 above.

27. Defendant POLISAR is responsible for all minimum wage violations and is responsible for all overtime violations of Defendants BACIO OF SOUTH BEACH, INC. by virtue of being an employer as such term is defined by the Act.

28. Plaintiffs demand trial by jury.

**WHEREFORE,** for work weeks beginning on or after May 11, 1999 Plaintiffs and those similarly situated to them who have or will opt into this action, demand judgment against Defendant POLISAR for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**COUNT IV**
**RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION**
**THOMAS BILLANTE**

Plaintiffs readopts and realleges all allegations contained in Paragraphs 1 through 14 above.

29. Plaintiffs are entitled to be paid minimum wage for all hours worked and time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed the minimum wage for all hours worked by them and their overtime rate for each overtime hour they worked and were not properly paid.

30. By reason of the said intentional, willful and unlawful acts of Defendant BILLANTE, all Plaintiffs (Plaintiffs and those similarly situated to them ) have suffered damages plus incurring costs and reasonable attorney's fees.

31. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 29 above.

32. Defendant BILLANTE is responsible for all minimum wage violations and is responsible for all overtime violations of Defendants BACIO OF SOUTH BEACH, INC. by virtue of being an employer as such term is defined by the Act.

33. Plaintiffs demand trial by jury.

**WHEREFORE,** for work weeks beginning on or after May 11, 1999 Plaintiffs and those similarly situated to them who have or will opt into this action, demand judgment against Defendant BILLANTE for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED THIS** <u>6th</u> day of May, 2002.

        Respectfully submitted,

        **LAW OFFICES OF DONALD J. JARET, P.A.**
        Counsel for Plaintiffs
        4960 S.W. 72nd Avenue
        Suite 202
        Miami, Florida 33155
        Tel: (305) 740-3383
        Fax: (305) 740-3385

BY: _____
        Donald J. Jaret, Esq.
        Florida Bar No. 296163

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JANICA SNYDER AND JAMES TREJO, on behalf of themselves and all others similarly situated

## DEFENDANTS
BACIO OF SOUTH BEACH, INC., ET AL

02-21448
CIV-BOOK

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE TURNOFF

Dade 02CV 21448/PCH

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Donald J. Jaret, P.A.
4960 S.W. 72nd Avenue, #202
Miami, FL 33155 (305) 740-3383

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth In Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment / B☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** B☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / A☐ 535 Death Penalty | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | |
| | | B☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION
(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**LENGTH OF TRIAL**
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 5/10/02

**SIGNATURE OF ATTORNEY OF RECORD** Donald Jaret

FOR OFFICE USE ONLY
RECEIPT # 86275L  AMOUNT $150.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
5/14/02